**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3539-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JORDAN VELEZ,

    Defendant-Appellant.

_____

> Submitted May 31, 2017 — Decided August 23, 2017
>
> Before Judges Rothstadt and Sumners.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Hudson County, Docket No. 13-
> 10-2059.
>
> Joseph E. Krakora, Public Defender, attorney
> for appellant (Alan I. Smith, Designated
> Counsel, on the brief).
>
> Esther Suarez, Hudson County Prosecutor,
> attorney for respondent (Frances Tapia Mateo,
> Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Jordan Velez appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant pled guilty to first-degree robbery, N.J.S.A. 2C:15-1. In accordance with the plea agreement, Judge John A. Young sentenced him to a downgraded prison term of seven years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant did not file a direct appeal, but rather petitioned for PCR alleging that: his due process right to a waiver hearing was denied; his trial counsel was ineffective for not filing a motion to dismiss the robbery charge; his guilty plea was not made knowingly and voluntary; his sentence was excessive; and cumulative errors.

In a thorough and cogent written opinion, issued with the February 16, 2016 order denying PCR, Judge Young rejected those arguments. Based upon his review of the record, he found that defendant received a waiver hearing. The judge determined that there was no factual or legal basis for trial counsel to file a motion to dismiss the robbery charge. The grand jury witnesses established that defendant used a firearm to commit the robbery, thereby putting the victim in fear of immediate bodily injury and satisfying the charge of first-degree robbery under N.J.S.A. 2C:15-1(a)(2). Defendant's plea allocution further confirmed the charge was appropriate when he stated that he gestured to indicate he had a handgun while demanding the victim's property. The judge also found defendant's PCR petition failed to present any evidence

that he did not enter his plea knowingly and voluntary. Lastly, after finding that defendant's excessive sentence claim was procedurally barred under N.J.S.A. 3:22-4(a) because it should have been filed in a direct appeal, the judge also found there was no merit to the claim as counsel argued mitigating factors and imposition of a minimum sentence, and defendant did not contend there were mitigating factors that should been argued at sentencing.

On appeal, defendant raises the following issue:

> THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE DEFENDANT ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE THAT THE "GESTURE" HE MADE DID NOT CONSTITUTE IN THE MIND OF THE VICTIM AN ACTUAL AND REASONABLE BELIEF THAT HE WAS ARMED WITH A DEADLY WEAPON.

Having reviewed the record in light of the applicable legal standards, we affirm for the reasons stated in Judge Young's opinion. We add the following. We agree with the State that defendant's contention that the factual basis elicited for his plea supports a second-degree robbery, not a first-degree robbery, is procedurally barred under State v. Arthur, 184 N.J. 307, 327 (2005), since it was not raised below, and under Rule 3:22-4(a), it should have been raised on direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3539-15T1